**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Suite 101
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Nicole Barvie; and, Jeffrey Herman

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICOLE BARVIE; AND, JEFFREY HERMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**BANK OF AMERICA, N.A.,**<br><br>Defendant. | Case No.:   '18CV0449 JLS  KSC<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. § 1693, *ET SEQ.*;**<br>II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*;**<br>III. **NEGLIGENCE;**<br>IV.  **CONVERSION; AND**<br>V.   **TRESPASS TO CHATTELS.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

**INTRODUCTION**

1.  Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

2.  Furthermore, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  NICOLE BARVIE; and, JEFFREY HERMAN ("Plaintiffs") by Plaintiffs' attorneys, bring this action to challenge the actions of BANK OF AMERICA, N.A. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

4.  Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to another Plaintiff, or to a Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

6. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1693, and 28 U.S.C. § 1367 for supplemental State claims.

9. This action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA"); (iii) negligence; (iv) conversion; and (v) trespass to chattels.

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

## PARTIES

12. Plaintiffs are natural persons who reside in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiffs, and who are "debtors" as that term is defined by California Civil Code § 1788.2(h).

///

///

13. Plaintiffs are informed and believe, and thereon allege, that Defendant, is a national bank whose principal place of business is Charlotte, North Carolina.

14. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

15. Defendant is also a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout EFTA and a "financial institution" as defined by 15 U.S.C. § 1693a(9).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1692a(7).

## FACTUAL ALLEGATIONS

18. Sometime prior to 2018, Plaintiffs gave birth to a child ("Baby Herman").

19. As a result of this life-changing event, Plaintiffs opened up a simple savings account with Defendant in Baby Herman's name.

20. Plaintiffs receive statements from Defendant regarding Baby Herman's bank account.

21. Plaintiffs have full access to and control of Baby Herman's bank account.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

22. A third party is alleged to have incurred certain financial obligations to an unknown original creditor that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as defined above.

23. The name of said unknown original credit appears as "FIA CARD SERVICE" on Baby Herman's bank account statements.

24. Since in or around April 2017, seven unauthorized charges have been debited from Baby Herman's account.

25. The charges in question are as follows:

- April 4, 2017 for $662.62;
- August 4, 2017 for $103.52;
- October 4, 2017 for $185.66;
- November 6, 2017 for $228.75;
- December 4, 2017 for 352.98;
- January 4, 2018 for $180.58; and,
- February 5, 2018 for $218.34.

26. Plaintiffs never authorized, nor consented to any of the abovementioned withdrawals.

27. Plaintiffs never received notice of or information about the charges Defendant illegally withdrew from Baby Herman's bank account.

28. As such, a total of $1,932.45 has been illegally withdrawn from Baby Herman's bank account.

29. At all times relevant, Plaintiffs have disputed the validity of said charges.

30. Plaintiffs became aware that said charges were being incurred by Baby Herman in February of 2018 when they closely examined the account details.

31. Plaintiffs immediately contacted Defendant and disputed the withdrawals.

32. Defendant informed Plaintiffs that the charges were in fact invalid and were incurred as a result of an error on Defendant's behalf.

33. Defendant further informed Plaintiffs that the amounts should not have been withdrawn from Baby Herman's bank account, but should have instead been withdrawn from another unknown person's bank account.

34. Plaintiffs have no knowledge as to who that unknown person may be.

35. As previously stated, at no time relevant did Plaintiffs consent to the withdrawal of said funds.

36. To date the amounts previously taken have been credited back into Baby Herman's bank account and the account is marked as in dispute.

37. Plaintiffs' account constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

38. At no point did Plaintiffs provide Plaintiffs' consent to Defendant to allow Defendant to unilaterally debit money from Baby Herman's account to satisfy the debts of other consumers.

39. This abovementioned withdrawals were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

40. Plaintiffs dispute the validity of said debt as Plaintiffs have no connection to this debt and have no knowledge as to who is belongs.

41. Defendant utilized Plaintiffs' personal funds to satisfy the debt of a third-party for which Plaintiffs bore no responsibility thereby taking possession of, and assuming control over, monies owned by Plaintiffs for Defendant's personal gain.

42. By withdrawing said funds, Defendant deprived and/or prevented access to Baby Herman's funds.

43. Such conduct amounts to civil theft of Plaintiffs' property in violation of common law conversion.

44. Through this conduct, Defendant intentionally took monies from Baby Herman's bank account.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

45. At all times, Plaintiffs' owned and/or had full possessory rights over the funds in Baby Herman's respective bank account.

46. At all times, Defendant had no possessory right to the funds in Baby Herman's bank account.

47. Defendant prevented Plaintiffs from having access to said account and fully deprived Plaintiffs of any possessory rights or enjoyment of Plaintiffs' chattels or monies described above.

48. Through this conduct, Defendant acted in a manner that was oppressive, fraudulent, malicious and outrageous.

49. Through this conduct, Defendant harmed Plaintiffs by fully depriving Plaintiffs of the full use, value and enjoyment of the chattels or monies described above.

50. Through this conduct, Defendant further caused Plaintiffs to suffer emotional distress.

51. The conduct of Defendant was a substantial factor in causing Plaintiffs this emotional distress and the harm described above in an amount to be proven at trial.

52. Through this conduct, Defendant committed conversion.

53. Plaintiffs never received any statements or bills from Defendant in connection with the alleged debt. There is no indication that any credit card statements, or extensions of credit, were ever issued in Plaintiffs' names or Baby Herman's name.

54. Plaintiffs believe and thereon allege that Defendant owed various duties to Plaintiffs pursuant to the EFTA, and RFDCPA.

55. Defendant owed a duty to Plaintiffs with regard to its manner of debt collection practices.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

56.  Through Defendant's conduct, Defendant breached Defendant's statutory and common law duties by engaging in the acts described herein each in violation of the EFTA, and RFDCPA.

57.  Defendant is the actual and legal cause of Plaintiffs' injuries.

58.  Plaintiffs have suffered severe emotional distress as a proximate cause of Defendant's negligence.

59.  Through the conduct alleged herein, Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.

60.  Through this conduct, Defendant consciously disregarded Plaintiffs' rights.

61.  Plaintiffs, at all times relevant, had a right to possession of Baby Herman's bank account and monies contained therein.

62.   Defendant unlawfully took possession of the monies contained in Baby Herman's bank account.

63.  Through this conduct, Defendant prevented Plaintiffs from having access to said bank account and monies.

64.  Plaintiffs did not consent to any of Defendant's conduct.

65.  Through this conduct, Defendant's has caused Plaintiffs' damages including but not limited to, lost wages, deprivation of use of Baby Herman's account, inconvenience, and emotional distress.

66.  Plaintiffs have both experienced severe stress as a result of Defendant's conduct.

67.  Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiffs in connection with the collection of the alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

///

///

68. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

69. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false or misleading representation in regards to the character, amount, or legal status of the alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

70. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

71. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

72. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting funds from Plaintiffs that were not authorized by any agreement creating the debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

73. Through this conduct, Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed many unauthorized electronic fund transfers from Baby Herman's account to satisfy an alleged debt alleged to be owed by a third-party.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CAUSES OF ACTION CLAIMED BY PLAINTIFFS

COUNT I

VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

15 U.S.C. §§ 1693, ET SEQ. (EFTA)

74. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

76. As a result of each and every violation of EFTA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

COUNT II

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

77. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

79. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### COUNT III

#### NEGLIGENCE

80. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. Plaintiffs believe and thereon allege that Defendant owed various duties to Plaintiffs pursuant to the EFTA, and RFDCPA. Specifically, Defendant owed a duty to Plaintiffs with regard to its manner of debt collection practices and electronic transfer practices.

82. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the EFTA, and the RFDCPA.

83. Plaintiffs assert that Defendant is the actual and legal cause of Plaintiffs' injuries.

84. Plaintiffs believe and thereon alleges that as a proximate result of Defendant's negligence, Plaintiffs have suffered severe emotional distress.

85. Due to the egregious violations alleged herein, Plaintiffs assert that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiffs' rights and entitles Plaintiffs to recover punitive damages from Defendant.

### COUNT IV

#### CONVERSION

86. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. Defendant intentionally took monies from Baby Herman's bank account.

88. At all times, Plaintiffs' owed and/or had full possessory rights over the funds in Baby Herman's bank account.

89. At all times, Defendant had no possessory right to the funds in Baby Herman's bank account.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

90. Defendant prevented Plaintiffs from having access to and fully deprived Plaintiffs of any possessory rights or enjoyment of his chattels or monies described above.

91. The conduct of Defendant was oppressive, fraudulent, malicious and outrageous.

92. Defendant harmed Plaintiffs by fully depriving Plaintiffs of the full use, value and enjoyment of the chattels or monies described above.

93. Defendant further caused Plaintiffs to suffer emotional distress.

94. The conduct of Defendant was a substantial factor in causing Plaintiffs this emotional distress and the harm described above in an amount to be proven at trial.

95. Plaintiffs are entitled to punitive and exemplary damages in an amount to be established at trial.

## COUNT V
## TRESPASS TO CHATTELS

96. Plaintiffs incorporate by reference, all of the above paragraphs of this Complaint as though fully stated herein.

97. Plaintiffs had a right to possession of their bank account and monies contained therein at the time Defendant unlawfully took possession.

98. Defendant has intentionally and substantially interfered with Plaintiffs' property by taking and retaining possession of Plaintiff's property. Preventing Plaintiff's from having access to Baby Herman's bank account and monies.

99. Plaintiffs did not consent to any of Defendant's conduct.

100. Defendant's conduct has caused Plaintiffs damages including but not limited to, lost wages, deprivation of use of Baby Herman's bank account, inconvenience, and emotional distress.

101. As a result of Defendant's conduct, Plaintiffs are entitled to actual damages, including economic and non-economic damages, and punitive damages.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiffs;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiffs;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiffs;

- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;

- General damages according to proof;

- Special damages according to proof;

- Loss of earnings according to proof;

- Costs of suit incurred herein;

- Punitive damages according to proof as to the Third, Fourth, and/or, Fifth Causes of Action against Defendant; and,

- Any and all other relief the Court deems just and proper.

///
///
///
///
///
///

### TRIAL BY JURY

102. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated:  February 13, 2018

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___

MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626