# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE BARVIE and JEFFREY HERMAN,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No.: 18-CV-449-JLS (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 11) |

Presently before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss ("Mot.," ECF No. 11). Also before the Court is Plaintiffs Nicole Barvie and Jeffrey Herman's Response in Opposition to the Motion ("Opp'n," ECF No. 12) and Defendant's Reply in Support of the Motion ("Reply," ECF No. 14.) The Court vacated oral argument on the Motion and took the matter under submission without oral argument. ECF No. 13. Having considered the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiffs gave birth to a child ("Baby Herman") and subsequently opened up a savings account with Defendant in the baby's name. ECF No. 1 ("Compl.") ¶¶ 18–19. Plaintiffs receive statements from Defendant regarding the account. *Id.* ¶ 20. Beginning in April 2017, seven unauthorized charges were debited from Baby Herman's account:

- $662.62 on April 4, 2017;
- $103.52 on August 4, 2017;
- $185.66 on October 4, 2017;
- $228.75 on November 6, 2017;
- $352.98 on December 4, 2017;
- $180.58 on January 4, 2018; and
- $218.34 on February 5, 2018.

*Id.* ¶ 25. In total, $1,932.45 was debited from Baby Herman's account. *Id.* ¶ 28.

Plaintiffs first became aware of these charges in February 2018, upon reviewing the account details. *Id.* at ¶ 30. Plaintiffs informed Defendant, which refunded the withdrawn money to the account. *Id.* ¶¶ 31, 36. Defendant told Plaintiffs the money should have been withdrawn from a third party's bank account and that the withdrawals were in error. *Id.* ¶¶ 32–33.

Plaintiffs filed the present Complaint, alleging: (1) violation of the Electronic Fund Transfers Act ("EFTA"), (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), (3) Negligence, (4) Conversation, and (5) Trespass to Chattels. *See generally* Compl. Defendant moves to dismiss all claims without leave to amend. *See generally* Mot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

**I. Electronic Funds Transfer Act**

Under the EFTA, "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit" is prohibited. 15 U.S.C. § 1693a(12).

Defendant's main argument for dismissal is that it is not a "person" and therefore cannot be liable under Section 1693m of the EFTA. Mot. at 9 (citing 15 U.S.C. § 1693m ("Except as otherwise provided by . . . section 1693h of this title, any person who fails to

3

18-CV-449-JLS (BGS)

comply with any provision of this subchapter with respect to any consumer . . . is liable to such consumer.")). According to Defendant, Section 1693h, entitled "Liability of Financial Institutions," provides when a financial institution is liable. Mot. at 9 (citing *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 996 (C.D. Cal. 2008) (finding Section 1693m "provides for civil liability as against persons other than financial institutions")). Defendant notes that Plaintiffs do not reference this section in their Complaint, nor could they allege that Defendant violated this section. Mot. at 9. Indeed, Defendant explains, "Section 1693m 'is not a basis of liability under the statute but simply provides an enforcement mechanism for other provisions.'" *Id.* (quoting *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1006 (N.D. Cal. 2012)). In fact, Defendant notes, the court in *I.B.* dismissed the plaintiffs' claims under Section 1693m for failing to allege which provision of the EFTA had been violated. Mot. at 9 (citing *I.B.*, 905 F. Supp. 2d at 1007).

Assuming Plaintiffs intended to assert a claim under Section 1693h, this statute provides that "a financial institution shall be liable to a consumer for all damages proximately caused by . . . the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer." 15 U.S.C. § 1693h. Here, however, Plaintiffs have neither provided the "terms and conditions" of Baby Herman's account nor asserted that Defendant failed to make an electronic fund transfer in accordance with those terms and conditions.

In their Opposition, Plaintiffs assert that they allege Defendant violated Section 1693e(a) and merely seek relief under Section 1693m. Opp'n at 18 (citing Compl. ¶ 73). Section 1693e(a) provides when a preauthorized electronic fund transfer may be authorized and stopped by a consumer.[1] Defendants point to Section 1693a(12), which provides the

---

[1] Defendant argues that Plaintiffs improperly raise new arguments in their Opposition by referring to preauthorized electronic fund transfers in violation of Section 1693e. *See* Reply at 7. Plaintiffs do allege in their Complaint, however, that Defendant violated Section 1693e. *See* Compl. ¶ 73. It appears Plaintiffs are arguing that Defendant violated this section because the electronic fund transfer was made without Plaintiffs' preauthorization, which is equivalent to arguing that the transfer was unauthorized.

4

term "unauthorized electronic fund transfer" does not include a fund transfer "which constitutes an error committed by a financial institution." Reply at 2–3.

Without further factual allegations—or even an allegation as to which provision of the EFTA allegedly was violated—Plaintiffs fail to state a claim for this cause of action. *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1095 (N.D. Cal. 2006) ("[P]laintiffs' broad averments of violations of the EFTA are inadequate and . . . their claims must be amended to make specific reference to the portions of the act upon which they intend to rely."). The Court therefore **GRANTS** Defendant's Motion. Although the Court harbors reservations that Plaintiffs will be able to plead an unauthorized electronic fund transfer given their admission that the unauthorized charges here were the result of Defendant's error, *see* Compl. ¶¶ 32–33; *see also* 15 U.S.C. § 1693a(12) ("[T]he term 'unauthorized electronic fund transfer' . . . does not include any electronic fund transfer . . . which constitutes an error committed by a financial institution."), the Court will provide Plaintiffs the opportunity to amend and **DISMISSES WITHOUT PREJUDICE** their first cause of action.

## II. Rosenthal Fair Debt Collection Practices Act

The RFDCPA is the California state equivalent of the Fair Debt Collection Practices Act ("FDCPA"). *See* Cal. Civ. Code § 1788 *et. seq.* The RFDCPA "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphel*, 681 F.3d 1097, 1100 (9th Cir. 2012). The RFDCPA states that "every debt collector collecting or attempting to collect a consumer

---

In their Opposition, Plaintiffs cite to *Park v. Webloyalty.com, Inc.*, 685 Fed. App'x. 589 (9th Cir. 2017). *See* Opp'n at 7. In *Park*, the Ninth Circuit determined that the plaintiff had pled a plausible EFTA claim when he clicked on a button to receive a coupon, but instead unknowingly transferred his billing information to an unknown company. In arguing that this case supports their position, Plaintiffs state it is sufficient to allege an unauthorized electronic fund transfer when one alleges a defendant permitted an unauthorized "electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit." Opp'n at 6–7. The quoted language is simply the definition of an "unauthorized electronic fund transfer." *See* 15 U.S.C. § 1693(a)(12). The Court finds that the facts and allegations in *Park* are distinguishable from the present case and that *Park* does not support Plaintiffs' position.

debt shall comply with the provisions of Sections 1692b to 1692j" of the FDCPA. Cal. Civ. Code § 1788.17. To establish a violation of the FRDCPA, a plaintiff must show (1) the defendant was attempting to collect a "consumer debt," (2) the defendant was a "debt collector," (3) the plaintiff was a "debtor," and (4) the defendant's collection activities violated the FDCPA and thus the RFDCPA. *See* Cal. Civ. Code § 1788.17.

"Consumer debt" is defined as money "due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civil Code § 1788.2(f). A "debt collector" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).[2] "Debtor" means "a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person." Cal. Civ. Code § 1788.2(h). "Debt collection" is defined as "any act or practice in connection with the collection of consumer debts." Cal. Civ. Code § 1788.2(b).

Defendant argues Plaintiffs are not "debtors," nor is there any "consumer debt" here. Mot. at 11. Defendant further argues that there are no allegations it engaged in any debt collection activity on a debt owed by Plaintiffs. *Id.* Plaintiffs respond that they are debtors because when the unknown third party used funds from Baby Herman's account to pay a creditor, Plaintiffs "were alleged to be indebted to an unknown original creditor." Opp'n at 13. Plaintiffs also argue that they may assert violations of the RFDCPA even though they did not owe a debt. *Id.* at 14.

Here, Plaintiffs allege that an unknown third party owed a debt to an unknown creditor. Compl. ¶ 22. Although "Plaintiffs have no connection to this debt and have no knowledge as to who[m] i[t] belongs," *id.* ¶ 40, Defendant debited several charges from Baby Herman's account "to satisfy the debt of a third-party for which Plaintiffs bore no responsibility." *Id.* ¶¶ 24–25, 41. There is no indication that Defendant communicated to

---

[2] "Person" covers not only a natural person but also a corporation and other entities. Cal. Civ. Code § 1788.2(g).

Plaintiffs at any time its belief that they owed a debt to Defendant on which Defendant was collecting. Instead, it appears only that Defendant acted at the direction of an unknown third party to pay amounts to an unknown creditor.

Given these facts, the law favors Defendant. It is well-established that a plaintiff lacks standing to bring a cause of action under the RFDCPA when she does not owe or is not alleged to owe the debt. *See, e.g.*, *Inzerillo v. Green Tree Servicing, LLC*, No. 13-CV-06010-MEJ, 2014 WL 6660534, at *1, *6 (N.D. Cal. Nov. 24, 2014) (parents of mortgagor who never had account with mortgagee and from whom mortgagor never attempted to collect a debt lacked standing); *Sanchez v. Client Servs., Inc.*, 520 F. Supp. 2d 1149, 1153, 1155 n.3 (N.D. Cal. 2007) (holding that daughter of cardholder who did not owe the debt at issue and was not otherwise obligated to pay the debt was not a "debtor" and therefore lacked standing); *see also People v. Persolve, LLC*, 218 Cal. App. 4th 1267, 1272 n.1 (2013) ("Only the person who owes the debt or is otherwise obligated to pay the debt has standing to assert violations under the [Rosenthal] Act."); *cf. Masuda v. Citibank, N.A.*, 38 F. Supp. 3d 1130, 1132–34 (N.D. Cal. 2014) (finding that plaintiff was a "debtor" where defendant bank called over 300 times attempting to collect a debt that plaintiff did not in fact owe). Although the Court questions Plaintiffs' ability to cure this defect in its RFDCPA claim, the Court will provide Plaintiffs the opportunity to amend and **DISMISSES WITHOUT PREJUDICE** their second cause of action.

### III. Negligence

The elements of a negligence cause of action are (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Koepke v. Loo*, 18 Cal. App. 4th 1444, 1448–49 (1993). The parties agree that Defendant's duty of care arises from the contract between Defendant and Plaintiffs, *see* Reply at 9 (citing Opp'n at 15), although Defendant argues that "Plaintiffs identify no contractual duty that [Defendant] allegedly failed to uphold," Mot. at 12, and that "Plaintiffs do not allege that they have been damaged" because "they admit that [Defendant] has restored all funds debited from the Account." *Id.* at 13. Plaintiffs counter that Defendant "blatantly ignored the 'danger signals' that [the relevant]

transactions were not the intended transactions," Opp'n at 16 (citing *Joffe v. United Cal. Bank*, 141 Cal. App. 3d 541, 556 (1983)), and that Plaintiffs have suffered damages in the form of "severe emotional distress, loss of access to Baby Herman's account and the funds illegally taken, lost wages in dealing with this situation, and inconvenience." *Id.* at 16–17.

Here, rather than pointing to specific contractual duties breached by Defendant, Plaintiffs point to various, unspecified duties Defendant owed "to Plaintiffs pursuant to the EFTA[] and RFDCPA." *See* Compl. ¶¶ 81–82. Those claims, however, have been dismissed. *See supra* Sections I and II. Further, the law is clear that Defendant is under no duty to supervise the activity of Plaintiffs' accounts. *See, e.g.*, *Ghlachi v. U.S. Bank, N.A.*, No. CV 14-6619 PSG (CWx), 2015 WL 12655411, at *8 (C.D. Cal. Apr. 29, 2015) ("[T]here is no implied duty to supervise account activity or to inquire into the purpose for which the funds are being used.") (citation omitted); *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532 (1998) ("The relationship of bank and depositor is founded on contract, which . . . does not involve any implied duty to supervise account activity or to inquire into the purpose for which the funds are being used."). Plaintiffs and Defendant appear to agree that, absent allegations of specific "danger signals" or "red flags" indicative of negligence stemming from the debits from Baby Herman's account, Plaintiffs fail to allege breach of any duty owed by Defendant. *See* Opp'n at 16 (citing *Joffe v. United Cal. Bank*, 141 Cal. App. 3d 541, 556 (1983)); Reply at 10–11.

The Court finds such allegations lacking here. *See* Reply at 11 ("Plaintiffs present no facts that the transaction in question should have put [Defendant] on alert that they were not authority. Plaintiffs also provide no facts demonstrating 'suspicious circumstances.'"); *see also QDOS, Inc. v. Signature Fin., LLC*, 17 Cal. App. 5th 990, 1001 (2017) (no red flags where merchant receives payment for merchandise through a check from a person or entity other than its customer), *review denied* (Mar. 14, 2018); *Rodriguez v. Bank of W.*, 162 Cal. App. 4th 454, 466 (2008) (no red flags when a bank's customer opens up an account in a name other than her own); *Karen Kane, Inc. v. Bank of Am.*, 67 Cal. App. 4th 1192, 1198–99, 1202–03 (1998) (no red flags when a check-cashing business's customer

presents a check endorsed by hand rather than with a stamp or when a check-cashing business's customer seeks to cash a business-to-business check); *Software Design & Application, Ltd. v. Hoefter & Arnett, Inc.*, 49 Cal. App. 4th 472, 483 (1996) (no red flags when a brokerage firm's customer has frequent transactions involving large sums of money).

It also appears likely that Plaintiffs' negligence claim is precluded by the economic loss doctrine, under which "plaintiffs may recover in tort for physical injury to person or property, but not for 'purely economic losses that may be recovered in a contract action.'" *Lusinyan v. Bank of Am., N.A.*, No. CV-14-9586 DMG (JCX), 2015 WL 12777225, at *4 (C.D. Cal. May 26, 2015) (quoting *S.F. Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 (1995)) (citing *Minkler v. Apple, Inc.*, No. 5:13–CV–05332–EJD, 2014 WL 4100613, at *6 (N.D. Cal. Aug. 20, 2014)); *see also Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 Fed. App'x 603, 605 (9th Cir. 2008) ("In actions for negligence in California, recovery of purely economic loss is foreclosed in the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule."). In *Lusinyan*, an anonymous caller, presenting himself as the plaintiff, called the defendant bank on two separate dates requesting that thousands of dollars be wire transferred from plaintiff's account to the U.S. Money Reserve, Inc., which then fulfilled orders for precious metals using the funds and shipped the orders to addresses different than the plaintiff's home address. 2015 WL 12777225, at *1. The court concluded that the plaintiff's negligence claim against the defendant bank was precluded by the economic loss doctrine because the plaintiffs could "[]not allege facts showing noneconomic loss." *Id.* at *4.

Here, as in *Lusinyan*, Plaintiffs only allege facts showing—at most—that Defendant failed to act with reasonable care in its transactions with its customers, which is an implied term in the contract between the bank and its depositor. *See id.* (citing *Chazen*, 61 Cal. App. 4th at 543). Accordingly, Plaintiffs' negligence cause of action is barred by the economic loss doctrine.

9

18-CV-449-JLS (BGS)

| | |
|---|---|
| 1 | Although the Court believes it unlikely that Plaintiffs can amend their Complaint to cure these deficiencies, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' third cause of action for negligence. |

**IV. Conversion and Trespass to Chattels**

Because Plaintiffs have withdrawn these claims, *see* Opp'n at 17, they are **DISMISSED WITHOUT PREJUDICE.**

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 11) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint (ECF No. 1) in its entirety. The Court **GRANTS** Plaintiffs leave to amend their Complaint. Plaintiffs **MAY FILE** an amended complaint <u>on or before thirty (30) days of the electronic docketing of this Order.</u> Should Plaintiffs choose not to file an amended complaint by this time, this case shall be dismissed and the file closed.

**IT IS SO ORDERED.**

Dated: September 21, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge